UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 5:20-CV-00448-DCR-EBA

KENNETH WILBERT BROWN,                                          PETITIONER,

V.                          **RECOMMENDED DISPOSITION**

BRAD ADAMS, *et. al.*,                                          RESPONDENTS.

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Petitioner's Writ of Habeas Corpus pursuant to 28. U.S.C. § 2254, challenging his incarceration for a conviction in Kentucky state court. [R. 1]. A review of the petition indicates that the judgment of conviction under attack arose in Jefferson County, Kentucky. In light of the fact that Petitioner is attacking a conviction from the Jefferson Circuit Court, which lies in the United States District Court for the Western District of Kentucky, where the witnesses and records are likely to be located, the Western District of Kentucky is the more appropriate forum. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."); *see also Braden v. 30th Judicial Circuit of Ky.*, 410 U.S. 484, 498-500 (1973). Additionally, under the Joint Local Rules of Civil Practice for the United States District Courts for the Eastern and Western Districts of Kentucky, a "state habeas corpus petition shall be assigned to the jury division that includes the court . . . in which the challenged judgment, conviction or order was rendered." LR 3.2(b); *see also* LR 3.2(f) ("Any civil action or proceeding may, in the discretion of the Court, be transferred from the jury division in which it is pending to any

other division for the convenience of the Court, parties, witnesses, or in the interest of justice.").

Thus, for the reasons stated herein, the undersigned RECOMMENDS that this action be TRANSFERRED to the United States District Court for the Western District of Kentucky, Louisville Division.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed with the Clerk of the Court within fourteen days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A general objection that does not "specify the issues of contention" is not enough to satisfy the requirement of written and specific objections. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are not enough to preserve the right of appeal. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991). A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

Signed November 5, 2020.



Signed By:

*Edward B. Atkins*    *EBA*

**United States Magistrate Judge**